IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID POINTER, MICHAEL MONDAY,
and MICHAEL HALL, individually and on
behalf of all others similarly situated                                    PLAINTIFFS

v.                              CASE NO. 4:17-cv-00772

DIRECTV, LLC; DAVID MOSES
d/b/a/ SKY CONNECT, ENDEAVOR
COMMUNICATIONS, ENDEAVOR
HOLDINGS, and SKY HIGH COMMUNICATIONS;
MOSES CAPITAL GROUP, LLC; and
MOSES HOLDINGS, LLC                                                        DEFENDANTS

## PROTECTIVE ORDER AND
## FRE 502(d), (e) ORDER

IT IS ORDERED THAT:

1. The parties* may designate as "Confidential" documents, electronically stored information ("ESI"), or other tangible things produced in this litigation that contain: Defendants' current and former employees', contractors' and contractors' employees' personal and employment information, Defendants' confidential business information, Defendants' customers' information, and Plaintiffs' confidential personal information. For documents, ESI, or other tangible things, the designation will be made by placing the word "Confidential" on each page, file, or thing containing information asserted to be confidential. Regarding deposition testimony, the entire transcript will be

---

* Plaintiffs and DirecTV consent to this Order. Moses agreed to an earlier version. While some suggested changes from the Court were being considered by the parties, Moses filed bankruptcy, which triggered the automatic stay as to him. № 34.

Page 1 of 7

deemed marked "Confidential" for the first 14 calendar days after the deposition. A party wishing to designate any testimony as "Confidential" will do so by notifying the opposing parties of the specific portions (page/line) of the transcript containing information asserted to be confidential within 14 calendar days of the deposition. After the 14-day period expires, only the portions of the testimony specifically designated as confidential shall be accorded the protections of this Order.

2. The Parties recognize that the Satellite Television and Localism Act of 2010, 47 U.S.C. § 338(i), prohibits the disclosure of personally identifiable information concerning any satellite subscriber without the prior written consent of the subscriber concerned. Accordingly, the parties agree that any document containing personally identifiable information about a satellite subscriber shall be produced with the designation "Confidential – STLA" before being produced in discovery. The receiving party will not use the satellite subscriber's personally identifiable information for any purpose.

3. The designation of documents, testimony, or other materials as "Confidential" must be made in good faith.

4. The parties and their counsel and all employees of counsel must not disclose any testimony, documents, or things marked "Confidential" to any third parties other than each other, the Court, Court personnel, jurors, witnesses in litigation only as necessary, covered experts, and litigation vendors.

5. All material designated as Confidential must be treated as such until the termination of this action, or until the party objecting to the designation obtains an order

from the Court to the effect that such documents or information can be disclosed or used for some other purpose. All material filed under seal with the Court must remain under seal until otherwise ordered by the Court.

6. Upon final termination of this action, all persons subject to this Order must destroy or return all confidential material, including all copies thereof (except privileged communications or attorney work product). Upon request, the receiving party (through counsel) must certify to counsel for the opposing party that all such materials designated as confidential for purposes of this action have either been returned or destroyed. This certification must be made within a reasonable time after request.

7. Any dispute as to whether material is covered by this Order or has been properly designated as confidential will be handled according to the protocol for discovery disputes contained in the Court's Final Scheduling Order (Doc. 28, at *3).

8. The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal proceeding. To invoke this provision, the producing party must notify the receiving parties of the specific privileged material that was produced, including the basis for the privilege. Upon notification that privileged information was produced, the parties who received the information must do several things promptly: return, sequester, or destroy the specified information and any copies they have; not use or disclose the information until the claim is resolved; take reasonable steps to retrieve the information if the parties disclosed it before being notified; and may promptly present the information to the Court under seal for a

determination of the claim. The producing party must preserve the information until the claim is resolved. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of document, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production. The receiving party is prohibited and estopped from arguing that the producing party's production of the documents, data, or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data, or information by the producing party was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data, or information, or that the producing party did not take reasonable steps to rectify the disclosure.

9. Any person or entity in possession of a party's Confidential materials must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of the materials, protect against any reasonably anticipated threats or hazards to the security of the materials, and protect against unauthorized access to or use of the materials. To the extent a person, entity, or party does not have an information security program, they may comply with this provision by having the Confidential materials managed by or stored with professional vendors or claims administrators that maintain an information security program as described above.

10. If the receiving party discovers a breach of security, including any actual or

suspected unauthorized access, relating to the producing party's Confidential materials, the receiving party must: (i) promptly provide written notice to the designating party of the breach; (ii) investigate and take reasonable efforts to remediate the effects of the breach and provide the designating party with assurances reasonably satisfactory to the designating party that the breach shall not recur; (iii) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; and (iv) provide sufficient information about the breach that the designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose the information, the receiving party must take all reasonable steps to give the designating party sufficient prior notice in order to contest the request, requirement, or order through legal means. The receiving party agrees to cooperate with the designating party or law enforcement in investigating the security incident.

11.     Confidential information must not be filed on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains Confidential Information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any Confidential Information and any related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

12. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

SO ORDERED this 19th day of June, 2018.

*NPMarshall Jr.*
D.P. Marshall Jr., United States District Judge

CONSENTED TO:

By: */s/ Timothy Steadman*
    John T. Holleman - AR Bar #91056
    jholleman@johnholleman.net
    Timothy A. Steadman - AR Bar #2009113
    tim@johnholleman.net
    Jerry D. Garner - AR Bar #2014134
    jerry@johnholleman.net
    HOLLEMAN & ASSOCIATES, P.A.
    1008 West Second Street
    Little Rock, Arkansas 72201
    Tel: (501) 975-5040
    Fax: (501) 975-5041
    *Attorneys for Plaintiffs*

By: */s/ Eva C. Madison*
    Eva C. Madison (98183)
    emadison@littler.com
    LITTLER MENDELSON, P.C.
    217 E. Dickson Street, Suite 204
    Fayetteville, Arkansas 72701
    T: (479) 582-6100
    F: (479) 582-6111

    Laura A. Lindner
    llindner@littler.com
    LITTLER MENDELSON, P.C.
    111 E. Kilbourn Avenue, Suite 1000
    Milwaukee, Wisconsin 53202
    Tel: (414) 291-5536
    Fax: (414) 291-5526

    Michael S. McIntosh
    mmcintosh@littler.com
    LITTLER MENDELSON, P.C.
    1650 Tysons Blvd., Suite 700
    Tysons Corner, Virginia 22102
    Tel: (703) 442-8425
    Fax: (703) 442-842
    *Attorneys for Defendant*
    *DIRECTV, LLC*