IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID POINTER;  MICHAEL MONDAY;
and MICHAEL HALL, all individually and
on behalf of all others similarly situated          **PLAINTIFFS**

v.                              No. 4:17-cv-772-DPM

DIRECTV LLC;  DAVID MOSES, d/b/a Sky
Connect, Endeavor Communications,
Endeavor Holdings, and Sky High
Communications;  MOSES CAPITAL
GROUP LLC;  and MOSES HOLDINGS LLC          **DEFENDANTS**

## ORDER

Pointer, Monday, and Hall all worked through Endeavor Communications installing and repairing equipment for satellite-fed TV and Internet. № 1 at 7. Endeavor was David Moses's creature, an unincorporated entity that had a contract with DirecTV. № 1 at 6. The workers say they were misclassified as independent contractors and weren't paid minimum wages or overtime for long hours on the job. № 1 at 2. Endeavor and DirecTV ended their relationship in 2017; Moses encountered financial problems; and he's in bankruptcy. № 33. (The stay was lifted so the claim against him here could proceed. № 41.) The workers allege they were employed by Moses and DirecTV. They seek conditional certification of a FLSA collective group. № 47. DirecTV resists, arguing that Moses alone is responsible for any wage violations

- 1 -

and that the three former workers aren't similarly situated to others in the proposed group. № 58. Moses hasn't opposed conditional certification. But he has provided an affidavit that strongly supports DirecTV's current and future arguments. № 58-1.

*First*, the parties. The workers' claims against Moses Capital Group LLC, Moses Holdings LLC, and several other non-incorporated entities—Sky Connect, Endeavor Holdings, and Sky High Communications—are dismissed without prejudice. As best the Court can tell, there's nothing in the current papers adequately linking these parties to this case. Moses says there was no connection. The workers can explore what they call Moses's "cadre" of businesses in discovery. But there's no need for any defendant beyond Moses, Endeavor Communications, and DirecTV at this point.

*Second*, the group. The former workers' motion to conditionally certify one, № 47, is granted as modified. Pointer and Monday, as well as others, were all similarly affected by Moses's across-the-board decision to classify technicians as independent contractors and his piece-work payment structure. The Court's exclusion of managers from the group (see below) addresses DirecTV's point about them. Hall may be uniquely situated—apparently, he was never paid at all. He'll stay in for now. Discovery will reveal whether there needs to be a "never-paid" sub-group, whether Hall's claims should be severed as unique, or whether they fail as a matter of law. A handful of other

- 2 -

former Endeavor workers have expressed interest. All this is sufficient to clear the low bar for conditional certification. *Smith v. Frac tech Services, LLC,* No. 4:09-cv-679-JLH (E.D. Ark. 24 Nov. 2009). The Court reserves a final ruling on the joint-employer issue. For now, it suffices to say that the former workers have documented that DirecTV exercised significant control over who Moses engaged, the work required, and the work done. While these folks were instructed not to say that they were DirecTV employees, their shirts, ID badges, and other logos all invoked the company. And the specifications for their work, some of which the Court has sealed as confidential business information, all had DirecTV roots. These are not wage-related matters. But if the former workers can carry the day on the joint-employer issue, then DirecTV will probably be bound (for good or for ill) by how Moses decided to structure his dealings with the technicians.

The Court therefore conditionally certifies the following group:

> All satellite installation and repair technicians who worked for David Moses d/b/a Endeavor Communications from [*insert date, three years back from the mailing date*] and continuing through the date on which final judgment is entered in this action, who provided installation and repair services for DIRECTV customers, who were not managers, and who were classified as independent contractors at any time during this period.

By 31 October 2018, Moses and DirecTV must supplement their prior production and provide plaintiffs' counsel (in an electronic spreadsheet) an updated list of names, addresses, and addresses of potential group members, insofar as either Moses or DirecTV has this information.

The Court approves the amended proposed notice and consent forms, № 61-1, *Exhibit A*, with these changes:

- Update the list of defendants;

- Revise the sentence in the consent form about future actions. It should read: I consent to join any related case against Moses or DirecTV that may result from the Court's decision about final certification in this case;

- Insert 31 December 2018 as the last date to opt in.

The Court overrules the other objections to these papers.

So Ordered.

*WPMarshall J.*

D.P. Marshall Jr.
United States District Judge

*18 October 2018*